# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

ROBIN I. MENDELSBERG, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-380-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Robin I. Mendelsberg (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 24, 1960 and was 49 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an apartment manager, cashier, temporary worker, and retail manager. Claimant

alleges an inability to work beginning April 1, 2006 due to limitations resulting from bipolar disorder, diabetes, COPD, asthma, emphysema, colonic inertia, partial small bowel obstruction, mild scoliosis, hernia, PTSD, and depression.

**Procedural History**

On September 5, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 9, 2010, an administrative hearing was held before ALJ John Volz in Tulsa, Oklahoma. On April 30, 2010, the ALJ issued an unfavorable decision on Claimant's application. On August 26, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) engaging in a faulty analysis at steps two and three; (2) failing to pose an appropriate hypothetical question to the vocational expert employed in this case; (3) failing to properly weigh medical source evidence; and (4) failing to perform a proper credibility determination.

## Analysis at Steps Two and Three

Claimant contends the ALJ failed to consider all of her impairments at steps two and three. In his decision, the ALJ found Claimant suffered from the severe impairment of bipolar disorder. (Tr. 12). Claimant asserts the ALJ improperly rejected the conditions of left arm problems arising from previous treatment for breast cancer, diabetes, COPD, back pain, stomach pain, and hiatal hernia as severe. Claimant further states that the medical records support the presence of asthma, emphysema, colonic inertia, partial small bowel obstruction, mild dehydration, PTSD, and depression but the ALJ failed to discuss these conditions.

The ALJ found that Claimant's testimony regarding problems arising from a hiatal hernia and back pain after injury were not supported by the medical record. He specifically found "no treatment records, radiology reports, physical therapy records or

5

medication logs" in the record to support the claims. He, therefore, concluded that the impairments were "medically non-determinable impairments," not substantiated by the medical record. (Tr. 12-13).

The medical record supports the presence of a hernia. (Tr. 333, 398). The record, however, is devoid of any treatment for the condition. Further, Claimant complained of back pain in her testimony and now refers to the medical record to support medical treatment for the condition. The references Claimant makes to the record, however, does not indicate medical care was sought for back pain but rather for abdominal pain. (Tr. 323, 572). Indeed, in a October 13, 2006 report, Claimant is documented as having denied arthralgia, joint stiffness, back pain, muscle cramps, or myalgia. (Tr. 287). It is true that during the course of investigating Claimant's abdominal pain complaints mild dextrorotary scoliosis was noted in the spine. (Tr. 323). Again, no treatment for the condition is present in the medical record. The fact a condition has been diagnosed does not translate into a disability. *See*, Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). As a consequence, this Court finds no error in the ALJ's failure to include these conditions as impairments.

The ALJ found Claimant's COPD, stomach pain, left arm problems, and diabetes to be non-severe. Claimant was treated for early COPD and encouraged not to smoke in May of 2007. (Tr. 244). Subsequent chest examinations and x-rays were unremarkable, noted as "clear to auscultation." (Tr. 381-82, 462, 468, 526, 528, 581, 644, 650, 676, 710).

Claimant's assertion of left arm problems is not supported by the medical record as her motor and sensory functioning and grip strength were noted as normal. (Tr. 404). Similarly, Claimant's stomach and gastrointestinal complaints, though extensive in the record, are not supported by the medical record and appear to have been resolved. Prior abdominal testing in 2006 and 2007 was negative or unremarkable. (Tr. 259, 409, 433). In July of 2008, Claimant underwent a laparoscopic abdominal colectomy with the desired result and no complications. (Tr. 526-27, 546). In a December 8, 2008 consultative report, Dr. Luther Woodcock opined that Claimant would heal from the procedure within one year and, therefore, the condition was non-severe. (Tr. 607). Because substantial evidence supports the ALJ's findings with regard to these additional impairments, this Court finds no error in the ALJ's assessment at steps two and three.

**Questioning of the Vocational Expert**

Claimant next contends the ALJ failed to propound a proper hypothetical question to the vocational expert employed in this case because he did not include any of the aforementioned impairments which he also excluded at steps two and three. The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). Since this Court has determined it was not error to exclude these other conditions at step two and three, it was not error to exclude the same conditions from the hypothetical questioning of the vocational expert.

Claimant includes within this section of her brief an allegation of error in the formulation of the RFC and in the questioning of the vocational expert. Claimant contends the ALJ should have included the restriction of avoiding dealing with the general public rather than only occasional contact with the public. The plethora of terms for in the ALJ's decision, the various agency physicians, and the hypothetical posed to the vocational expert is nothing less than confusing. Dr. Denise LaGrand found Claimant's "ability to communicate and interact in a socially adequate manner is poor." (Tr. 483). Dr. Kathleen Gerrity, who completed a Psychiatric Review Technique form on Claimant, found she was "markedly limited" in her ability to interact with the general

public. (Tr. 501). She further found in her narrative that Claimant "[d]oes not interact well w general public." (Tr. 502). Dr. Burnard Pearce concluded in a Mental Residual Functional Capacity Assessment on April 23, 2009 that Claimant was "markedly limited" in her ability to interact appropriately with the general public. (Tr. 636). He concluded Claimant "should avoid dealing with the general public." (Tr. 637). In his hypothetical questioning of the vocational expert in this case, the ALJ restricted Claimant to "no continuous contact with the general public." (Tr. 56). Ultimately, the ALJ concluded in his decision that Claimant was restricted to "occasional contact with the public." (Tr. 14). This lack of consistency in the evidence and the ALJ's findings requires remand to ascertain the supported restriction on Claimant's interaction with the general public.

### Medical Source Evidence

Claimant next contends the ALJ failed to properly consider the opinions of her treating physician, Dr. William Reid. Dr. Reid completed a Mental Status Form on Claimant on February 26, 2008 wherein he states Claimant cannot remember, comprehend and carry out complex instructions on an independent basis or respond to work pressure, supervision and co-workers. (Tr. 474). Dr. Reid also completed a Treating Physician Mental Functional Assessment

9

Questionnaire on Claimant dated October 23, 2008. He found Claimant's mental limitations were sufficient to make Claimant unable to work effectively. (Tr. 603). The ALJ gave Dr. Reid's opinions "little weight" because Claimant was seen on a sporadic basis - seven times between November 22, 2006 and February 16, 2009 and because Dr. Reid's records are illegible. (Tr. 18).

In evaluating the opinions of a treating physician such as Dr. Reid, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ failed to adequately explain his rejection of Dr. Reid's opinions. This Court cannot concur that attending a patient seven times in less than two and a half years is "sporadic." Further, rejecting an opinion due to illegibility is not proper

without first making some effort to obtain better copies or further evidence from the physician. While this Court is sympathetic with the frustration of illegibility which is often encountered in the administrative record, the condition does not support outright rejection without further effort to clarify.

## Credibility Determination

In a final argument, Claimant contends the ALJ did not make an adequate credibility finding. The ALJ concluded in boilerplate fashion that Claimant's statements concerning intensity, persistence and limiting effects of her symptoms were not credible since they were inconsistent with his RFC assessment. (Tr. 18).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of

any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ failed to make the necessary findings of contradiction between specific statements by Claimant and the medical evidence. As a result, the case should be remanded for development of the credibility analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 22nd day of February, 2012.

*[signature]*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE